
EXHIBIT B

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VINTAGE AND VOGUE, LLC<br>and I DO AND I'M DONE, LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION FILE NO. |
| vs. | )<br>) | 2015CV265761 |
| THE TRAVELERS INDEMNITY<br>COMPANY and TRAVELERS<br>CASUALTY INSURANCE COMPANY<br>OF AMERICA, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

### THE TRAVELERS INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW The Travelers Indemnity Company (hereafter "TIC"), TIC in the above-styled action, and files this Answer and Affirmative Defenses to Plaintiff Vintage and Vogue, LLC and I Do and I'm Done, LLC's (collectively, "Plaintiffs") Complaint, showing this Honorable Court the following:

#### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

#### SECOND AFFIRMATIVE DEFENSE

TIC had no involvement in the issuance of an insurance agreement to either Plaintiff, any coverage therein, or the denial of Plaintiffs' claim. The insurance agreement was issued by a separate legal entity, Travelers Casualty Insurance Company of America. Therefore, Plaintiffs' Complaint should be dismissed as it relates to TIC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since TIC did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known. In fact, TIC had no contract with Plaintiffs at all, which represents a substantial legal basis for its payment and denial of Plaintiffs' additional claim for damages, and therefore, TIC's conduct was in good faith.

### FOURTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiffs' exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiffs' Complaint fails to state a cause of action and should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, TIC reserves the right to bring any and all affirmative defenses available to it under the Federal Rules of Civil Procedure and any applicable defenses under the laws of the State of Georgia.

### SIXTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiffs' Complaint, and while at all times reserving the defenses previously raised by TIC, as well as those which may be added by amendment in the future after further discovery and investigation, TIC states the following:

1.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

2.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

3.

TIC admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

TIC admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

5.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

6.

In response to Paragraph 6 of the Complaint, TIC admits that Fulton County Superior Court could have personal jurisdiction under O.C.G.A. § 9-10-91(1), as a company transacting business within the state, but specifically denies that personal jurisdiction is proper against TIC in the present case, as TIC has not transacted any business with either Plaintiff.

7.

TIC denies the allegations contained in Paragraph 7 of the Complaint, as no contract exists between the Plaintiffs and TIC.

8.

TIC is without sufficient information upon which to admit or deny the allegations contained in Paragraph 8 of the Complaint, and thus place Plaintiffs upon strict proof of the same as though denied.

## FACTUAL ALLEGATIONS

9.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

10.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

11.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

12.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

13.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

14.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

15.

TIC is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and thus, place Plaintiffs upon strict proof of the same. Furthermore, TIC specifically denies any allegation or indication of fault on the part of TIC implied therein.

16.

TIC is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and thus, place Plaintiffs upon strict proof of the same. TIC specifically denies any allegation or indication of fault on the part of TIC implied therein.

17.

TIC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and thus, place Plaintiffs upon strict proof of the same. TIC specifically denies any allegation or indication of fault on the part of TIC implied therein.

18.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

19.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

## **COUNT 1: BREACH OF CONTRACT**

20.

The allegations contained in Paragraph 20 of the Complaint do not require a response from TIC, but to the extent they do, said allegations are hereby denied.

21.

TIC denies the allegations contained in Paragraph 21 of the Complaint.

22.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

23.

TIC is without sufficient information to either admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

24.

TIC denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

TIC denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

## COUNT II: LOST PROFITS

26.

TIC denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

TIC has insufficient information and knowledge upon which to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint, placing Plaintiffs upon strict proof of the same.

28.

TIC has insufficient information and knowledge to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint, placing Plaintiffs on strict proof of the same.

29.

TIC has insufficient information to either admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore, places Plaintiffs on strict proof of the same.

## COUNT III: BAD FAITH

30.

The allegations contained in Paragraph 20 of the Complaint do not require a response from TIC, but to the extent they do, said allegations are hereby denied.

31.

TIC objects to Paragraph 31 of Plaintiffs' Complaint, as it is a mere statement of the law and does not require an admission or denial. To the extent that Paragraph 31 of Plaintiffs' Complaint infers or implies that TIC is liable for the penalties provided in O.C.G.A. § 33-4-6 said allegations are hereby denied.

32.

In response to Paragraph 32 of the Complaint, TIC admits that it has not made payment under the policy terms and denies that it is obligated to make such payments. TIC denies the remaining inferences and allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

TIC denies each and every allegation made in the Plaintiffs' Complaint except as expressly admitted above.

**SIXTH AFFIRMATIVE DEFENSE**

TIC denies that Plaintiffs are entitled to judgment or relief of any kind, and specifically deny that Plaintiffs are entitled to relief prayed in Plaintiffs' Complaint, Paragraphs (a)-(f).

WHEREFORE, having responded to the allegations of Plaintiffs' Complaint, TIC respectfully requests that:

1. Plaintiffs' Complaint be dismissed and discharged with all costs placed upon Plaintiffs for attorney's fees and expenses of litigation; and

2. TIC be awarded such other further relief as the Court may deem just and proper.

Served this ____14th____ day of October, 2015.

DREW ECKL & FARNHAM, LLP

*Karen K. Karabinos* (signature)

Karen K. Karabinos
Georgia Bar No. 423906
*Counsel for TIC*

880 W. Peachtree Street (30309)
P. O. Box 7600
Atlanta, GA  30357
Phone: (404) 885-1400
Fax: (404) 876-0992

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of **THE TRAVELERS INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**, on opposing counsel by depositing a true copy of the same into the United States Mail with adequate postage affixed thereto and properly addressed to:

W. Anthony Collins Jr.
James R. Fletcher, II
Maud A. Pinter
Smith Collins & Fletcher P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This \_\_\_\_14th\_\_\_\_ day of October, 2015.

DREW ECKL & FARNHAM, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906
*Counsel for TIC*

880 West Peachtree Street (30309)
P.O. Box 7600
Atlanta, GA 30357-0600
(404) 885-1400