

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VINTAGE AND VOGUE, LLC<br>and I DO AND I'M DONE, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY<br>COMPANY and TRAVELERS<br>CASUALTY INSURANCE COMPANY<br>OF AMERICA,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>2015CV265761 |

## TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Travelers Casualty Insurance Company of America (hereafter "Travelers"), Defendant in the above-styled action, and files this Answer and Affirmative Defenses to Plaintiff Vintage and Vogue, LLC and I Do and I'm Done, LLC's (collectively, "Plaintiffs") Complaint, showing this Honorable Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as Plaintiffs did not file a complaint within two years of the loss. The insurance agreement provides as follows:

*4. LEGAL ACTION AGAINST US*

*No one may bring a legal action against us under this Coverage Form unless:*

*a. There has been full compliance with all of the terms of this Coverage Form; and*

*b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.* [1]

Thus, because Plaintiffs reported to Travelers that the loss occurred in late March, 2013 and the Complaint was filed on September 16, 2015, the lawsuit was not filed within two years after the loss, and therefore the lawsuit is time barred.

## THIRD AFFIRMATIVE DEFENSE

Travelers shows that Plaintiffs' Complaint must be dismissed because the insurance agreement governing the relationship between the parties does not provide for the damages alleged by the Plaintiffs, as Plaintiffs did not give ***prompt notice*** of any loss as required under the governing policy. Plaintiffs waited approximately two years and two months to notify Travelers of the loss, a lapse in time that made it impossible for Travelers to examine the allegedly damaged property. The insurance agreement provides in relevant part as follows:

*E. PROPERTY LOSS CONDITIONS*

*3. DUTIES IN THE EVENT OF LOSS*

*a. You must see that the following are done in the event of loss or damage to Covered Property:*

\*\*\*

---

[1] ¶ 4, page 33 of 39, Business Owner's Special Form

*(2) Give us **prompt notice** of the loss or damage. Include a description of the property involved.*

*(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.* [2]

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known. This determination represents a substantial legal basis for Travelers' payment and denial of Plaintiffs' additional claim for damages, and therefore, Travelers' conduct was in good faith.

## FIFTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiffs' exclusive remedies for alleged bad faith, and therefore, to the extent Plaintiffs' Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiffs' Complaint fails to state a cause of action and should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Co-Defendant The Travelers Indemnity Company had no involvement in the issuance of an insurance agreement to either Plaintiff, any coverage therein, or the denial of Plaintiffs' claim. The insurance agreement was issued by Travelers, a separate legal entity. Therefore, Plaintiffs' Complaint should be dismissed as it relates to The Travelers Indemnity Company.

---

[2] (emphasis supplied) ¶ 3 and ¶ 4, pages 27-28 of 39, Business Owner's Special Form

## SEVENTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

## EIGHTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiffs' Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

2.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore, places Plaintiffs on strict proof of the same.

3.

Travelers admits the allegations contained in Paragraph 3 of the Complaint.

4.

Travelers admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

5.

Travelers admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint, but to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

6.

In response to Paragraph 6 of the Complaint, Travelers admits that Fulton County Superior Court could have personal jurisdiction under O.C.G.A. § 9-10-91(1), as a company transacting business within the state, but specifically denies any allegation of liability or fault. In addition, to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

7.

Travelers admits the allegations contained in Paragraph 7 of Plaintiffs' complaint, but specifically deny any allegation of liability or fault contained therein. In addition, to the extent Plaintiffs imply or infer that this action is not removable to Federal Court, said allegations are hereby denied.

8.

Travelers is without sufficient information upon which to admit or deny the allegations contained in Paragraph 8 of the Complaint, and thus places Plaintiffs upon strict proof of the same as though denied.

## FACTUAL ALLEGATIONS

9.

Upon information and belief, Travelers admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

In response to Paragraph 10 of the Complaint, Travelers admits that Plaintiffs have occupied 647 Atlanta Street, Roswell, GA 30075, but do not have sufficient information upon which to admit or deny the length of time in which Plaintiffs occupied such space. Thus, Travelers places Plaintiff upon strict proof of the allegation that Plaintiffs occupied 647 Atlanta Street for 3 years. Furthermore, Travelers is without sufficient information or knowledge to admit or deny the relative "success" of Plaintiff Vintage and Vogue, LLC or Plaintiff I Do and I'm Done, LLC, thus Travelers denies any allegations of this perceived success, placing Plaintiffs on strict proof of the same. Upon information and belief, Travelers admits that Plaintiff Vintage and Vogue, LLC opened in November 2010 and Plaintiff I Do and I'm Done opened in May 2012. All other allegations not specifically responded to in Paragraph 10 of Plaintiffs' Complaint are hereby denied.

11.

Travelers has no way of knowing which times Plaintiffs finds relevant, thus the allegations in this paragraph are denied as stated. Travelers admits that it issued Plaintiffs a business insurance policy, providing certain coverage. Travelers shows that the policy it issued to Plaintiff Vintage and Vogue, LLC was in effect during the following dates: August 30, 2010

through August 30, 2011, August 30, 2011 through August 30, 2012, and August 30, 2012 through August 30, 2013. Travelers shows that the policy issued to Plaintiff I Do and I'm Done, LLC was in effect during the following dates: March 8, 2012 through March 8, 2013. The remaining allegations are hereby denied.

12.

In response to Paragraph 12 of the Complaint, Travelers admits that 647 Atlanta Street is located in Roswell, Georgia. Travelers is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint and thus place Plaintiffs upon strict proof of the same.

13.

In response to Paragraph 13 of Plaintiffs' Complaint, Travelers lacks sufficient information to either admit or deny the allegations contained therein. Thus, Travelers places Plaintiffs upon strict proof of all allegations contained in Paragraph 13 of the Complaint.

14.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and thus place Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers.

15.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and thus, place Plaintiffs upon

strict proof of the same. Furthermore, Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

16.

Travelers is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and thus, place Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

17.

Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and thus, place Plaintiffs upon strict proof of the same. Travelers specifically denies any allegation or indication of fault on the part of Travelers implied therein.

18.

In response to Paragraph 18 of the Complaint, Travelers admits that Plaintiffs contacted Travelers Service Center to notify Travelers of structural and mold problems, but upon information and belief, contend that this contact occurred on September 24, 2013. Thus, Travelers denies that this contact occurred on September 23, 2013. Travelers does not have sufficient information upon which to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint, including the date in which Plaintiffs vacated the premises and moved inventory into storage, and place Plaintiffs upon strict proof of the same. Litigation has just begun and Travelers reserves the right to amend these answers if new information comes to light.

### 19.

In response to Paragraph 19 of the Complaint, Travelers admits that Plaintiffs filed suit against their landlord-owners in Fulton County Superior Court. As to the remaining allegations contained in Paragraph 19 of the Complaint, including Plaintiffs' recovery, Travelers is without sufficient information or knowledge upon which to respond, and thus, place Plaintiffs upon strict proof of the same.

## COUNT 1: BREACH OF CONTRACT

### 20.

The allegations contained in Paragraph 20 of the Complaint do not require a response from Travelers, but to the extent they do, said allegations are hereby denied.

### 21.

In response to Paragraph 21, Travelers admits that it provided certain policies with certain coverage as stated in such agreement to policyholders Vintage and Vogue, LLC and I Do and I'm Done, LLC. To the extent, however, Plaintiffs imply or infer that the damages sought are covered under the policies, said allegations are hereby denied. Travelers denies that any other entity issued the policies upon which the Complaint is based.

### 22.

Travelers admit that the Businessowner's Special Form includes a provision under Section A.1.b.(1)-(2) of the policy, providing in relevant part:

*A. COVERAGE*

  \*\*\*

*1. COVERED PROPERTY*

> \*\*\*
>
> *b. Business Personal Property located in or on the buildings described in the Declarations or in the open (or in a vehicle) within 1,000 feet of the described premises, including:*
>
> *(1) Property owned by you and used in your business;*
>
> *(2) Property of others that is in our care, custody or control;*
>
> \*\*\*[3]

Travelers denies the remaining allegations contained in Paragraph 22.

23.

In response to Paragraph 23 of the Complaint, Travelers admits that Vintage and Vogue, LLC was current on its premiums and the policy was in full force and effect, but to the extent that Plaintiffs imply or infer that the damages sought are covered under the Vintage and Vogue, LLC policy, said allegations are hereby denied. Travelers denies the allegations contained in Paragraph 23 of the Complaint as it relates to I Do and I'm Done, LLC.

24.

Travelers denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Travelers denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

## COUNT II: LOST PROFITS

26.

Travelers denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

---

[3] Page 1 of 39.

27.

Travelers has insufficient information and knowledge upon which to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint, placing Plaintiffs upon strict proof of the same.

28.

Travelers has insufficient information and knowledge to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint, placing Plaintiffs on strict proof of the same.

29.

Travelers denies the allegations as stated in Paragraph 29 of Plaintiffs' Complaint as stated.

## **COUNT III: BAD FAITH**

30.

The allegations contained in Paragraph 30 of the Complaint do not require a response from Travelers, but to the extent they do, said allegations are hereby denied.

31.

Travelers objects to Paragraph 31 of Plaintiffs' Complaint, as it is a mere statement of the law and does not require an admission or denial. To the extent that Paragraph 31 of Plaintiffs' Complaint infers or implies that Travelers is liable for the penalties provided in O.C.G.A. § 33-4-6 said allegations are hereby denied.

32.

In response to Paragraph 32 of the Complaint, Travelers admits that it has not made payment under the policy terms and denies that it is obligated to make such payments. Travelers denies the remaining inferences and allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Travelers denies each and every allegation made in the Plaintiffs' Complaint except as expressly admitted above.

**NINTH AFFIRMATIVE DEFENSE**

Travelers denies that Plaintiffs are entitled to judgment or relief of any kind, and specifically deny that Plaintiffs are entitled to relief prayed in Plaintiffs' Complaint, Paragraphs (a)-(f).

WHEREFORE, having responded to the allegations of Plaintiffs' Complaint, Travelers respectfully requests that:

1. Plaintiffs' Complaint be dismissed and discharged with all costs placed upon Plaintiffs for attorney's fees and expenses of litigation; and
2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this \_\_\_\_14th\_\_\_\_ day of October, 2015.

DREW ECKL & FARNHAM, LLP

Karen K. Karabinos
Georgia Bar No. 423906
*Counsel for Travelers*

880 W. Peachtree Street (30309)
P. O. Box 7600
Atlanta, GA 30357
Phone: (404) 885-1400
Fax: (404) 876-0992

# CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**, on opposing counsel by depositing a true copy of the same into the United States Mail with adequate postage affixed thereto and properly addressed to:

> W. Anthony Collins Jr.
> James R. Fletcher, II
> Maud A. Pinter
> Smith Collins & Fletcher P.A.
> 8565 Dunwoody Place
> Building 15, Suite B
> Atlanta, GA 30350

This \_\_\_\_14th\_\_\_\_ day of October, 2015.

> DREW ECKL & FARNHAM, LLP
>
> */s/ Karen K. Karabinos*
> Karen K. Karabinos
> Georgia Bar No. 423906
> *Counsel for Travelers*

880 West Peachtree Street (30309)
P.O. Box 7600
Atlanta, GA 30357-0600
(404) 885-1400