# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **VINTAGE AND VOGUE, LLC and** ) <br> **I DO AND I'M DONE, LLC,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> **THE TRAVELERS INDEMNITY** ) <br> **COMPANY and TRAVELERS** ) <br> **CASUALTY INSURANCE COMPANY** ) <br> **OF AMERICA,** ) <br> ) <br> Defendants. ) | **CIVIL ACTION FILE NO.** <br><br> **1:15-cv-03636-AT** |

## DEFENDANTS' INITIAL DISCLOSURES

COMES NOW The Travelers Indemnity Company ("TIC") and Travelers Home & Marine Insurance Company ("Travelers"), Defendants in the above-styled action, and pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.1, file these Initial Disclosures:

### Fed.R.Civ.P. 26(a)(1) Disclosures

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:**

**Defendants are properly identified, however, TIC is not a proper party as it did not issue any of the policies upon which Plaintiffs filed their insurance claim at issue in this lawsuit. The parties have jointly agreed to voluntarily dismiss TIC from this lawsuit, and will be filing a joint consent motion for the Court's approval.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:**

**None.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:**

**All damages allegedly incurred by Plaintiffs in the present case stem from water damage to Plaintiffs' inventory and rented premises occurring in late April or early May, 2013. During that time, due to water leaks and the**

**malfunctioning of the properties' HVAC unit, Plaintiffs claim that their inventory and rented premises suffered damage.**

**The insurance policy issued by Travelers to Vintage and Vogue, LLC became effective on August 30, 2010, and was effectively renewed through August 30, 2013. The insurance policy issued by Travelers to I Do and I'm Done, LLC became effective on March 8, 2012, and was effectively renewed through March 8, 2014.**

**On or about September 24, 2013, Plaintiffs informed Travelers that they would be vacating 647 Atlanta Street, Roswell, Georgia 30075 due to structural and mold problems associated with the rental premises. Plaintiffs vacated the rental premises on or about October 1, 2013[1]. On May 4, 2015, Maria Sullivan, Plaintiffs' representative, reported the loss to Travelers and advised that the loss first started in March of 2013 and water damage caused problems until she vacated the rental premises in October of 2013. This May, 2015 notice, occurring at least two years subsequent to the date of loss, does not comply with the policy's requirement that the insured provide "prompt notice" in the event of a loss. The failure to provide such timely notice inhibited Travelers from inspecting any alleged damage to business property,**

---

[1] Complaint, Doc. 1-1, ¶ 18

**as Plaintiffs had vacated the rental premises a year and a half prior to providing Travelers notice.**

**On October 7, 2013, Plaintiffs filed suit against the landlord associated with the rental premises at 647 Atlanta Street, Roswell, GA 30075 in the Superior Court of Fulton County. Subsequently, on September 16, 2015, Plaintiffs filed the present suit against Travelers and TIC, alleging breach of contract and seeking recovery for business property, lost profits, and bad faith damages. Defendants timely removed the case to Federal Court.**

**The applicable suit limitations period provided in the governing policy requires Plaintiffs to file suit within two years after the date on which the direct physical loss or damage occurred. All losses in the present case stem from a direct physical loss from water damage occurring in March, April, or May of 2013. Because the date of loss occurred over two years before Plaintiffs filed suit on September 16, 2015, Plaintiffs' suit is time barred, and must be dismissed.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:**

**Breach of Contract**

Suit limitations provisions of insurance policies are enforceable. O.C.G.A. § 33-24-16 (2010) (construction of policies); <u>Maxwell Bros. v. Liverpool & London & Globe Ins. Co.</u>, 12 Ga. App. 127, 76 S.E. 1036 (1913). The accrual of a cause of action occurs on the date of loss, and the limitations period may begin to run even though a party has not yet incurred all damages. <u>Hendry v. Wells</u>, 286 Ga.App. 774, 650 S.E.2d 338 (2007). Furthermore, the continuing tort theory does not apply to cases involving property damage. Instead, this theory is limited to personal injury causes of action. <u>Corporation of Mercer University v. National Gypsum Co.</u>, 258 Ga. 365, 368 S.E.2d 732 (1988).

**Bad Faith**

O.C.G.A. § 33-4-6; <u>Progressive Casualty Ins. Co. v. Avery,</u> 165 Ga. App. 703, 302 S.E.2d 605, 606, 220 Ga. 323, 138 S.E.2d 668, 669 (1964)); <u>Georgia International Life Ins. Co. v. Harden</u>, 158 Ga. App. 450, 280 S.E.2d 863 (1981); <u>Southern United Life Ins. Co. v. Nelson</u>, 151 Ga. App. 798, 261 S.E.2d 742 (1979); <u>Fortson v. Cotton States Mut. Ins. Co.</u>, 168 Ga. App. 155, 308 S.E.2d 382 (1983); <u>Colonial Life & Accident Insurance Company v. McClain,</u>

**243 Ga. 263, 265 (1979); <u>Sentry Indemnity Co. v. Sharif</u>, 156 Ga. App. 828-29 (1980); <u>Interstate Life & Acc. Ins. Co. v. Williamson</u>, 110 Ga. App. 557, 139 S.E.2d 429, 431 (1964).**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

<u>**Response:**</u>

**Please see Attachment A. Travelers reserves the right to supplement the response to such disclosure.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response:**

**Travelers has not yet identified any expert who is expected to testify at trial. It will supplement this response as required by the Federal Rules of Civil Procedure if and when such expert is identified.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:**

**Please see Attachment C. Travelers will supplement this response as required by the Federal Rules of Civil Procedure if and when other responsive documents come into its possession.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:**

**Travelers does not claim any damages as part of this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:**

**None.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response:**

**Attached as Attachment E is a copy of the policies issued to Plaintiffs by Travelers.**

Respectfully submitted this 11th day of November, 2015.

                DREW ECKL & FARNHAM, LLP

                */s/Karen K. Karabinos*
                Karen K. Karabinos
                Georgia Bar No. 423906

                **Counsel for Travelers**

880 W. Peachtree Street
P. O. Box 7600
Atlanta, GA  30357
Phone: (404) 885-1400
Fax: (404) 876-0992

      Counsel for Defendants certifies that this pleading complies with Local Rule 5.1.  The type is Times New Roman, 14 point.

3711598/1
05657-080354

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

W. Anthony Collins Jr.
Maud A. Pinter
Smith Collins & Fletcher, P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This 11th day of November, 2015.

          */s/ Karen K. Karabinos*
          Karen K. Karabinos
          Georgia Bar. No. 423906
          **Counsel for Travelers**

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA 30357
(404) 885-1400
3177034/1
5657-81430

Counsel for Defendants certifies that this pleading complies with Local Rule 5.1.  The type is Times New Roman, 14 point.